UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TERRANCE L. JOHNSON                    CIVIL ACTION NO. 15-cv-2687

VERSUS                                 JUDGE FOOTE

GARY LOFTIN, ET AL                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

This is one of 38 prisoner complaints that invokes the Reprieve Australia "Blackstrikes" report and seeks broad injunctive relief against current jury selection procedures in Caddo Parish, plus production of voluminous documents. The court has ruled in one of the cases that the claims lack merit. For the reasons that follow, it is recommended that this case also be dismissed.

### State Court Conviction

Terrance L. Johnson ("Plaintiff") went on a crime spree one August night in 1988. He and three other young men robbed a couple at gunpoint in the Mooretown area of Shreveport. Hours later, Plaintiff abducted a woman at gunpoint from a gas station on Monkhouse Drive. The woman was able to escape, but Plaintiff shot at her twice, with one bullet grazing her elbow, as she drove away. Within 15 minutes, Plaintiff kidnapped another woman at the intersection of the Inner Loop and Jewella Avenue, where she had stopped for a red light. Another motorist tried to help the victim, but Plaintiff shot at him. Plaintiff took

the woman to a wooded area off Walker Road, where he raped her multiple times.  Plaintiff took the victim's high school ring, three dollars in cash, and a Sears credit card.  He left the victim bound and gagged in the woods.  Within hours, he and his friends used the Sears card to make various purchases.

A Caddo Parish jury found Plaintiff guilty of two aggravated rapes, aggravated kidnapping, two armed robberies, attempted manslaughter, and two aggravated crimes against nature.  He received three life sentences plus other sentences of a certain number of years.  He asserted a Batson claim and other challenges on direct appeal.  The appellate court held that the Batson challenge was made too late in the proceedings, thus waiving it, and that the claim failed on the merits.  The merits of the claim were addressed in a reasoned opinion. State v. Johnson, 561 So.2d 922 (La. App. 2d Cir. 1990).

Plaintiff also pursued a post-conviction application in the state court.  It was ultimately denied as time barred.  State ex rel. TerranceL. Johnson v. State, 715 So.2d 1204 (La. 1998).  A second round of post-conviction relief was also denied.  State ex rel. Terrance L. Johnson v. State, 90 So.3d 1056 (La. 2012).

Plaintiff filed a federal habeas corpus petition in this court in 1999.  Johnson v. Cain, 99-cv-31.  It did not assert a Batson claim.  His request for a COA was denied by the Fifth Circuit.  He filed another federal petition in 2013.  That petition also did not include a Batson claim.  This court noted that the petition was second or successive, so the petition was transferred to the Fifth Circuit to allow Plaintiff to request the necessary permission to

proceed with the case.  The Fifth Circuit denied that request in 2014.  13-cv-2385, Doc. 13.

Thus, it appears Plaintiff has pursued a number of challenges to his convictions, but those

challenges have now ended, and it is far too late to file any new petitions.

**The Federal Proceedings**

Reprieve Australia, a civil rights organization, released its "Blackstrikes" report in

August 2015.  It reviewed the use of peremptory challenges in Caddo Parish between 2003

and 2012 and suggested that Caddo Parish prosecutors during that time were more than three

times as likely to strike black as non-black prospective jurors.

Plaintiff, joined by 12 other prisoners, filed a "Motion for Preliminary Injunction and

Protection Order Over All Records."  The motion cites the report and asks for a preliminary

injunction that orders the Caddo Parish Clerk of Court and District Attorney to provide all

records related to jury selection, orders the defendants to stop purposefully excluding

prospective black jurors on the basis of race, and orders a stop to an alleged racial coding

system.

The court found that the several plaintiffs could not properly join in one action, so a

separate civil action was opened for each of the prisoner/plaintiffs.  Several other prisoners

soon filed virtually identical motions, for a total of 38 such motions under separate case

numbers.  All of those cases were assigned to the same judge and magistrate judge for the

sake of consistency and efficiency.

**Recommendation**

The undersigned reviewed the claims in detail in a Report and Recommendation in the lead case, <u>Wilbert Robertson v. Loftin</u>, 15-cv-2678.  The Report and Recommendation noted that the movants had disavowed any request for habeas relief, and there was no viable basis for a claim under 42 U.S.C. § 1983.  It explained that there was no actual case or controversy that would allow the prisoners  to invoke the jurisdiction of the court to seek injunctive relief.  Finally, it explained why there was no basis to seek a writ of mandamus to state court officials that directs them to provide the prisoners with transcripts of their trial proceedings or other records.

Judge Foote adopted that recommendation and entered a final judgment that denied the request for injunction and dismissed the civil action without prejudice.  <u>Robertson v. Loftin</u>, 2016 WL 3919718 (W. D. La. 2016), recommendation adopted, 2016 WL 3920425 (W.D. La. 2016).  A copy of the Report and Recommendation and the Judgment from the <u>Robertson</u> case are attached.

There is no legal distinction between this case and <u>Robertson</u>, so denial of relief is also warranted in this case.  There is simply no legal basis for the sweeping injunctive relief that Plaintiff seeks.  This civil action should be dismissed without prejudice.

The undersigned ordinarily includes a recommendation in a habeas corpus case regarding whether a certificate of appealability ("COA") should issue.[1]  The clerk of court initially designated this case a habeas proceeding, but prisoners in several of the identical cases have submitted filings in which they said that was a "clerical error," and the prisoners adamantly disavowed any request for habeas relief.  Considering those filings, and that Plaintiff has not squarely requested habeas relief, it appear that this is not a habeas corpus proceeding.  Accordingly, no recommendation is required regarding a COA.

Accordingly,

IT IS RECOMMENDED that Plaintiff's **Motion for Preliminary Injunction and Protection Order Over All Records (Doc. 1)** be **denied** and that this action be **dismissed without prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel

---

[1] The COA requirement is set forth in 28 U.S.C. § 2253(c), F.R.A.P. 22(b), and Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts.

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge